1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD.; RCR PRODUCTIONS, INC.; BONA JUSTITIA MUSIC, INC.; MILES DAVIS PROPERTIES, LLC; INDIGO, INC.; RICK JAMES TRUST d/b/a MARY JANE PRODUCTIONS; JAMES BROWN ENTERPRISES, INC. and ZION ROOTSWEAR LLC., <br><br> Plaintiffs, <br><br> v. <br><br> MAYAH COLLECTIONS, INC. d/b/a LEGENDS a/k/a LEGENDS 4 LIFE, and KIM L. PERKINS, as officer, director, employee and shareholder of MAYAH COLLECTIONS, INC. and as proprietor of LEGENDS a/k/a LEGENDS 4 LIFE; THE TUNES CO., TUNES, INC. and BOB ROSS, individually and d/b/a THE TUNES CO. and as an officer, director, shareholder and employee of TUNES, INC.; and R. WORLD, INC. d/b/a R. WORLD SHIRT COMPANY and IBRAHI MABDUR RABBANI, individually and as officer, director, shareholder and employee of R. WORLD INC. and NO-TORY-S, <br><br> Defendants. | Case No. 2:05-CV-01059-KJD-GWF <br><br> **ORDER** |

Presently, the Court has before it Defendants The Tunes Company ("Tunes Co."), Tunes, Inc., and Bob Ross' Motion to Dismiss (collectively "Defendants") (#26). Plaintiffs filed a response in opposition (#28), to which the Defendants replied (#30).

**I. Background.**

Defendant Tunes Co. holds licenses to reproduce, market and sell original artwork on tee shirts and other products. The licenses relate to original artwork that was created in connection with musical concerts of the 1950's, 1960's and 1970's. The artwork that Tunes Co. sells originates from various artists, including Randy Tuten, Gary Grimshaw, Frank Bettencourt, and Bob Masse. Tunes Co. sells some of these artists' works as part of its "Classic Concert Poster Art" and "Classic Concert Collection." Of the many pieces of artwork that Tunes Co. sells, only two pieces are involved in the instant lawsuit– the Bob Marley 1976 Paramount Theater Concert and the Miles Davis 1975 Blackhawk Theater Concert posters. Tunes Co. does not now, nor has it ever, sold any goods related to Ray Charles, Marvin Gaye, Richard Pryor, Rick James, or James Brown.

Defendant Tunes Co. makes royalty payments to the original artists for the right to reproduce their original work. In accordance with the terms of the licensing agreements, Tunes Co. merely reproduces the images owned by the original artists. All of its marketing material and brochures clearly identify Tunes Co. and the original artists as the source of these goods.

As alleged in the Complaint, Plaintiff Fifty-Six Hope Road Music, Ltd. ("Hope Road") is the owner of the intellectual property rights for the late performer Bob Marley. Hope Road has used the intellectual property rights of Bob Marley in commerce on numerous products, including shirts, tee shirts, thermal shirts, jackets, hats, caps, sweatshirts and other general merchandise. Plaintiff Miles Davis Properties, LLC ("MDP") is the holder of the intellectual property rights for the late performer, Miles Davis. MDP has actively marketed and sold products throughout the United States, including tee shirts bearing the name, image, signature and likeness of Miles Davis. Plaintiff Zion Rootswear, LLC ("Zion") has entered into licensing agreements with Hope Road and MDP which granted it the right to create certain licensed products utilizing these artists.

1  Plaintiffs allege that Defendants have been manufacturing, distributing and selling tee shirts
2  and other products bearing and/or depicting the Zion Licensed Artists without a license. Plaintiffs
3  further allege that Defendant Tunes Co. is fully aware that it lacks the authority to manufacture,
4  advertise, promote and sell this merchandise having been previously warned by Zion in a cease and
5  desist letter. Defendants have now moved for the dismissal of Plaintiffs' claims.

**II. Analysis.**

A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is a ruling on a question of law. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). In reviewing a Rule 12(b)(6) motion, the Court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Review is limited to the contents of the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See Clegg, 18 F.3d at 754-55. A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See Sprewell, 266 F.3d at 988.

**A. Claim I, II, & IV.**

Defendants initially argue that Claims I, II, and IV[1] should be dismissed pursuant to Rule 12(b)(6). Defendants argue that under controlling circuit law, Plaintiffs can only prevail on their infringement claims if Defendants' use of the mark is "explicitly misleading." According to Defendants, the Complaint's failure to allege this necessary element requires the dismissal of Counts I, II, and IV for failure to state a claim.

---

[1] It appears that Claim IV - Common Law Trademark Infringement - was misnumbered "Claim V" in the Complaint. For purposes of this Order, the Court will refer to this misnumbered claim as "Claim IV."

3

1    The Federal Rules of Civil Procedure state that "[a] pleading which sets forth a claim for
2 relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is
3 entitled to relief." Fed. R. Civ. P. 8(a). The system of notice pleadings under the Federal Rules of
4 Civil Procedure typically does not require a plaintiff to set out in detail the facts upon which he bases
5 his claim. See Yamaguchi v. U.S. Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). All
6 that the rules require is a short and plain statement of the claim that will give the defendant fair
7 notice of what plaintiff's claim is and the grounds upon which it rests. See Fed. R. Civ. P. 8(a);
8 Yamaguchi, 109 F.3d at 1481. Courts and litigants must rely on summary judgment and control of
9 discovery to weed out unmeritorious claims. See Leatherman v. Tarrant Co. Narcotics Intelligence &
10 Coordination Unit, 507 U.S. 163, 168 (1993).

   Defendants' argument boils down to the fact that Plaintiffs' Complaint did not specifically
11 allege the elements of an infringement claim relating to artistic expression. This argument, however,
12 lacks merit. To the extent that Defendants attempt to impose a heightened pleading standard by
13 requiring Plaintiffs to allege the elements of a prima facie case, this argument has been foreclosed by
14 the United States Supreme Court. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).
15 Here, Plaintiffs' Claims I, II and IV provide Defendants with a "short and plain statement of the
16 claim." Such statements in the Complaint give Defendants the requisite notice.[2]

**B.  Claims against Robert Ross.**

   Next, Defendant Ross seeks the dismissal of Plaintiffs' claims against him as an individual.
Ross argues that Plaintiffs have failed to allege the requisite elements of the alter ego doctrine to
pierce the corporate veil and thus Plaintiffs' claims against him should be dismissed. To the extent

---

[2]Additionally, Defendants' arguments concerning whether its products constitute "artistic expression" presents some procedural concerns. To evaluate where Defendants' products constitute "artistic expression" would require evidence outside the scope of the Complaint and would thereby transform Defendants' filing from a motion to dismiss to a motion for summary judgment. See United States v. LSL Biotechnologies, 379 F.3d 672, 699 (9th Cir. 2004). The Court elects not to rely on this extra-Complaint evidence.

4

that Defendant Ross argues that the Complaint's failure to specifically allege the elements of the alter ego doctrine requires dismissal, that argument lacks merit as discussed previously.  See id.[3]

Nevertheless, the claims against Defendant Ross should be dismissed without prejudice.  The only specific allegations about Ross in the Complaint state that he "is doing business as The Tunes Company . . . and is an officer, director, shareholder, employee, distributor, agent and servant of Tunes, Inc."  Although Rule 8(a) is a liberal standard, it does require at least some notice.  Plaintiffs' Complaint provides no notice concerning Ross being the alter ego of the named corporations.  Plaintiffs argue that regardless of the alter ego doctrine, Ross can be held liable for trademark infringement based on theories of vicarious and/or contributory infringement.  While true, Plaintiffs' Complaint provides no notice that Ross is liable under these theories.  Accordingly, Plaintiffs' claims against Defendant Ross will be dismissed without prejudice.

**C.  Other Plaintiffs' Claims against Defendants Tunes Co., Tunes, Inc., and Bob Ross.**

Defendants argue that they have never sold any product that bears the trademark or intellectual property rights owned by Plaintiffs RCR Productions, Inc., Bona Justitia Music, Inc., Indigo, Inc., Mary Jane Productions, Inc. or James Brown Enterprises, Inc. (collectively "Other Plaintiffs").  Defendants thereby seek the dismissal of the Other Plaintiffs' claims against them.  Plaintiffs concede that the Other Plaintiffs are not maintaining any claims against the Defendants.  Accordingly, to the extent the Complaint contemplates claims against the Defendants by the Other Plaintiffs, such claims will be dismissed.[4]

---

[3] But see In re Currency Conversion Fee Antitrust Litig., 265 F. Supp. 2d 385, 425 (S.D.N.Y. 2003) (finding that where the veil-piercing claims are based on allegations of fraud, the heightened pleading standard of Rule 9(b) should be used, otherwise the liberal notice pleading standard of Rule 8(a) applies).

[4] In their reply, Defendants argue that the claims relating to Bob Marley as brought by Plaintiffs Hope Road and Zion should be dismissed for lack of standing.  Because Defendants raise this argument for the first time in their reply brief, the Court will not consider it.  See United States v. Ga. Dep't of Natural Res., 897 F. Supp. 1464, 1471 (N.D. Ga. 1995).  Defendants' argument that standing is a prerequisite for jurisdiction and thus may be raised at any stage of litigation does not excuse its failure to raise this issue in their initial motion.  Defendants may resubmit this argument in a new motion, thereby affording Plaintiffs the opportunity to be heard.

**D.  Claim III - Common Law Right of Publicity and Commercial Appropriation.**

Defendants argue that Claim III must be dismissed because there is no common law right of publicity in Nevada due to its codification under section 597.800 of the Nevada Revised Statutes. Plaintiffs conceded this point during the preliminary injunction hearing on November 18, 2005. However, Plaintiffs now argue that Jamaican law recognizes a post-mortem common law right of publicity and thus is the applicable law for Claim III.

Plaintiff's argument, however, lacks merit.  Initially, the Complaint fails to allege that Claim III is being pursued under Jamaican law.  In fact, the Complaint is silent on what law applies.  More importantly, this Court cannot apply any law merely based on the suggestion of a party.  In Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938), the Supreme Court held that the Rules of Decision Act, 28 U.S.C. § 1652, requires a federal court to apply in diversity cases the law of the state in which its sits, both statutory law as well as common law established by the state courts.  Expanding upon its Erie decision, the Supreme Court later held that federal courts sitting in diversity jurisdiction must apply the conflict-of-law rules prevailing in the states in which they sit.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).  This Court must accordingly apply Nevada's conflict-of-law rules in deciding which jurisdiction's law applies to this claim.

Claim III is a tort cause of action.  When addressing conflict-of-law issues concerning tort claims, Nevada has adopted a modified version of the substantial relationship test.  See Motenko v. MGM Dist., Inc., 112 Nev. 1038, 1041, 921 P.2d 933, 935 (1996).  Under this test, the law of the forum governs, unless another state has an overwhelming interest.  See id.  An overwhelming interest will exist if two of the following factors are found:  (1) it is the place where the conduct giving rise to the injury occurred; (2) it is the place where the injury is suffered; (3) parties have the same domicile, residence, nationality, place of incorporation, or place of business and it is different from the forum state; and (4) it is the place where the relationship, if any, between the parties is centered.  See id. at 1041-42, 921 P.2d at 935.

Because this suit was brought in Nevada, the presumption is that Nevada law applies. Without addressing any of the factors, Plaintiffs state in conclusory fashion that Jamaican law applies.[5] However, application of the four previously mentioned factors indicates that no other state or country has an "overwhelming interest." First, Plaintiffs have made no allegation that the conduct giving rise to the alleged injury occurred anywhere outside of the United States let alone Jamaica. Second, Plaintiffs present no allegation that the injury occurred anywhere but in Nevada. Third, none of the parties are domiciled in Jamaica. Moreover, Plaintiffs and Defendants do not have the same domicile, residence, nationality, place of incorporation, or place of business. Finally, Jamaica is not the place where the relationship is centered. In fact, Plaintiffs do not suggest any place where the relationship is centered. As Plaintiffs have failed to prove that the four factors suggest a different forum has an overwhelming interest, Nevada law applies. Accordingly, Plaintiffs' Claim III must be dismissed as it is not actionable under Nevada law.

**III. Conclusion.**

Plaintiffs' Claims I, II and IV provide Defendants adequate notice under the Federal Rules of Civil Procedure. The Complaint, however, fails to provide the requisite notice concerning the claims against Defendant Ross as an individual. The parties concur that the Other Plaintiffs are not

---

[5]Plaintiffs cite Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1022 (C.D. Cal. 1998) for the proposition that the law of the decedent's domicile governs claims concerning rights of publicity. This case is easily distinguishable. In Cairns, the district court applied California's conflict-of-law rules to a claim alleging the tortious infringement of post-mortem publicity rights. See id. at 1024-25. In the instant case, Nevada's conflict-of-law rules must be applied. Moreover, California and Nevada apply different conflict-of-law tests for this situation. In California, courts perform the "governmental analysis" test. See id. In Nevada, the courts apply the modified version of the substantial relationship test. See Motenka, 112 Nev. at 1041, 921 P.2d at 935.
    Finally, Cairns does not stand for the proposition Plaintiffs allege. Contrary to Plaintiffs' argument, Cairns held that the law of the domicile is used to determine whether a property right in publicity exists in the first place. If such a right does exist, then California's conflict-of-law rules ("governmental interest" test) determines the state/foreign law that will determine whether this property right to publicity was tortiously infringed. The fact that Jamaican law recognizes a property interest in publicity does not determine what law to using in Nevada courts when determining whether a tortious infringement has occurred.

1 maintaining any claims against the Defendants.  Finally, Plaintiffs' Claim III lacks merit as it is not
2 cognizable under Nevada law, which governs it.
3      Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#26) is
4 **GRANTED IN PART** and **DENIED IN PART**.
5      IT IS FURTHER ORDERED that the claims against Defendant Ross as an individual are
6 **DISMISSED WITHOUT PREJUDICE**.
7      IT IS FURTHER ORDERED that the Other Plaintiffs' claims against the Defendants are
8 **DISMISSED**.
9      IT IS FURTHER ORDERED that Claim III as it applies to Defendants is **DISMISSED**.
10      IT IS FURTHER ORDERED that in all other respects, Defendants' Motion to Dismiss is
11 **DENIED**.
12      DATED this 14th day of June 2006.

_____
Kent J. Dawson
United States District Judge