# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FIFTY-SIX HOPE ROAD MUSIC, LTD, et al.,

        Plaintiffs,

v.

MAYAH COLLECTIONS, INC., et al.,

        Defendants.

Case No. 2:05-CV-01059-KJD-GWF

**ORDER**

      Presently, the Court has before it the Motion to Dismiss for Lack of Standing (#54) filed by Defendants The Tunes Co., Bob Ross and Tunes, Inc. ("Defendants"). Plaintiffs filed a response in opposition (#56), to which Defendants replied (#59).

**I. Background**.

      In the Complaint, Plaintiff Fifty-Six Hope Road Music Ltd. ("Fifty-Six Hope Road") alleges to be the owner of certain intellectual property rights of the late musician Robert Nesta Marley ("Bob Marley"). Plaintiff Fifty-Six Hope Road attached to its Complaint a copy of federal trademark registration no. 2,349,361 listed on the Principal Register with the United States Patent and Trademark Office in the name of Bob Marley for, inter alia, t-shirts, thermal shirts, jackets, hats, caps, sweatshirts, ties, bandannas, in class 25. In the Complaint, Plaintiff Fifty-Six Hope Road

originally brought claims against Defendants The Tunes Co., Tunes, Inc. And Bob Ross ("Tunes Defendants") for infringement of its federally registered trademark under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) (Count I), for unfair competition under 15 U.S.C. § 1125(a) (Count II), for infringement of the Common Law Right of Publicity and Commercial Appropriation of Celebrity Identity (Count III), and Common Law Trademark Infringement (Count IV).  The Court subsequently dismissed Count III.

Based on a 1992 decision of the Supreme Court of Jamaica, Defendants moved to dismiss the claims against it arguing that Plaintiff Fifty-Six Hope Road and Zion Rootswear lacked standing to bring them.  In the 1992 decision, the Jamaica Supreme Court identified the Robert Marley Foundation and Bob Marley Music, Inc. as holders of the intellectual property rights of the late Bob Marley.  Assuming that ownership of the intellectual property rights had not changed in the fourteen years since the 1992 Jamaica Supreme Court decision, Defendants brought the instant motion to dismiss.

**II.  Analysis.**

Registration by a party of its mark on the Principal Register raises a legal presumption of validity as well as ownership.  Specifically, 15 U.S.C. § 1115(a) provides:

> Any registration . . . of a mark registered on the principal register provided by this chapter and owned by a party to an action . . . shall be prima facia evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration . . . .

Moreover, section 32 of the Lanham Act grants standing to assert a claim for trademark infringement solely to the "registrant" of the trademark.  See 15 U.S.C. § 1114(a); Glow Indus., Inc. v. Lopez, 273 F. Supp. 2d 1095, 1106 (C.D. Cal. 2003).   The term "registrant" includes both the registrant and its "legal representatives, predecessors, successors and assigns."  15 U.S.C. § 1127; Glow Indus., 273 F. Supp. 2d at 1106.

1  Here, Plaintiffs have standing to bring their claims against Defendants. It is undisputed that Plaintiff Fifty-Six Hope Road is the registered holder of federal trademark registration no. 2,349,361 listed on the Principal Register with the United States Patent and Trademark Office in the name of Bob Marley. Plaintiff Fifty-Six Hope Road registered the Bob Marley mark after the 1992 Jamaica Supreme Court decision. As the registrant, Plaintiff Fifty-Six Hope Road has standing to bring its claims as they pertain to the Bob Marley mark. Defendants do not refute that Plaintiff Fifty-Six Hope Road registered the Bob Marley mark nor dispute the standing provided to such registrants.[1]

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Lack of Standing (#54) is **DENIED**.

DATED this 16th day of November 2006.

_____
Kent J. Dawson
United States District Judge

---

[1] In addition to the registration, Plaintiffs provided the Affidavit of Peter Shuket, Esq. to explain the ownership history of the Bob Marley intellectual property rights. Defendants' reply to their motion focuses solely on this affidavit and its alleged defects. Nowhere in their reply do Defendants address Plaintiff Fifty-Six Hope Road's registration of the Bob Marley mark or the standing conferred by §§ 1114 & 1115 of Title 15 of the United States Code. While the affidavit is deficient, the deficiencies are based on form and not substance. As explained previously, registration of the Bob Marley mark is sufficient by itself to provide standing.