1  L. Joe Coppedge
   Nevada Bar No. 4954
2  Robert E. McPeak
   Nevada Bar No. 8570
3  KUMMER KAEMPFER BONNER RENSHAW & FERRARIO
   Seventh Floor
4  3800 Howard Hughes Parkway
   Las Vegas, Nevada  89109
5  Telephone:   (702) 792-7000
6  Fax:             (702) 796-7181

7  COLLEN IP
8  Jeffrey A. Lindenbaum
   Matthew C. Wagner
9  The Holyoke-Manhattan Building
   80 South Highland Avenue
10 Town of Ossining
   Westchester County, New York  10562
11 Telephone: (914) 941-5668
   Fax: (914) 941-6091
12
13 Attorneys for Defendants The Tunes Co., and Robert Ross

14                     **UNITED STATES DISTRICT COURT**
                            **DISTRICT OF NEVADA**
15
   _____x
16 FIFTY-SIX HOPE ROAD MUSIC, LTD., et al.

17         Plaintiffs,                                    CV-S-05-1059-KJD-GWF

18 v.

19 MAYAH COLLECTIONS, INC., et al.,

20
           Defendants.
21 _____x

22

23                   **DEFENDANT'S MOTION TO COMPEL**
24
25         Defendant, The Tunes Company ("Defendant") hereby files this Motion to Compel

26 discovery responses, without objection from Plaintiffs Fifty-Six Hope Road Music, Ltd. ("Hope

27 Road") Zion Rootswear, LLC ("Zion") (collectively "Plaintiffs") and Counterclaim Defendant,

28

                                          1

Miles Davis Properties, LLC ("MDP").[1]  Defendant further seeks and Order of Preclusion for all documents improperly withheld by Plaintiffs.

On September 19, 2006 Defendant served a First Request for Production of Documents and First Set of Interrogatories on the Plaintiffs and MDP.[2]  Without requesting leave of Court or obtaining consent from Defendant, Plaintiffs Hope Road and Zion delayed until December 22, 2006 to first serve their objections and responses.  Counterclaim Defendant MDP, to date, has not served any responses or objections.  Pursuant to Fed. R. Civ. P. 33(b)(4) and 34(b), Plaintiffs and MDP have waived all objections.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992);  *Escalante v. City of Delano*, 2006 U.S. Dist. LEXIS 33656 (E.D. Cal. 2006).  After delaying three months, Plaintiffs Hope Road and Zion served a laundry list of improper objections and very limited document production, which by their own admission only contained documents they believed were "pertinent" to this lawsuit.  Following an exchange of communications between counsel, Hope Road and Zion supplemented their responses and production.  For the reasons set forth below, Plaintiffs' discovery responses remain deficient, and with the close of discovery only a month away Defendant has been severely prejudiced by Plaintiffs' continued failure to meet their discovery obligations.  Defendant respectfully moves the Court for an Order precluding at trial use of any responsive materials not already produced by Plaintiffs and for an Order compelling complete production, without objection, of all materials and information responsive to Plaintiffs' Requests.

---

[1] Plaintiffs filed a motion for leave to amend the Complaint in which Plaintiff Miles Davis has dropped its claims in this action.  The counterclaims against Miles Davis, however, survive, and Defendant (counterclaim Plaintiff) is entitled to full responses without objections to their timely served requests.

[2] A copy of Defedant's Requests to MDP, as well as Plaintiffs' Responses and Supplemental Responses are attached hereto as Exhibits A-I.  Because Defendant's instructions and definitions were virtually identical for the requests propounded on all three partes, and because Defendant's document requests and Interrogatories to Plaintiffs Hope Road and Zion were incorporated verbatim into Plaintiffs' Responses, Defendant has not attached what would be a duplicative copy of the requests to Hope Road and Zion.  These requests are available should the Court so desire.

2

### A. **Plaintiffs Have Waived All Objections Under Rules 33(b)(4) and 34(b)**

On September 19, 2006 Defendant served a First Request for Production of Documents and First Set of Interrogatories on the Plaintiffs and MDP.  Plaintiffs' and MDP's responses and objections were due on or before October 23, 2006.  On November 3, 2006, two weeks after their responses were due, the undersigned counsel contacted counsel for Plaintiffs and MDP to inquire as to the status of the outstanding discovery, and to place Plaintiffs and MDP on notice that their objections have been waived.  In response, Plaintiffs' and MDP's counsel, for the first time, indicated that over six weeks earlier, on September 17, 2006, before Defendant even served its discovery requests, one of the principals, Michael Conley, of one of the Plaintiffs, Zion Rootswear, had been injured and was currently only working part time.  While Defendants are certainly sympathetic to the fact that Mr. Conley may have been previously unable to participate in responding to Defendant's discovery demands, Plaintiffs and MDP, to date, have offered no explanation as to why this injury prevented both Plaintiffs and MDP and counsel, from meeting their discovery obligations.  In particular, there is no justification for:

(1)  Plaintiffs' and MDP's counsel's failure to timely serve objections;

(2)  Plaintiffs' and MDP's counsel's failure to timely seek an extension of time from the Court for Plaintiff Zion Rootswear and/or Plaintiffs Fifty Six Hope Road and MDP to respond;

(3)  Plaintiffs' and MDP's counsel's failure to timely notify Defendant's counsel that additional time was needed to respond to discovery – instead waiting for Defendant's counsel to first raise the issue weeks after the discovery was due;

(4)  Other individuals at Zion Rootswear's failure to assist counsel with its discovery obligations – particularly in light of the fact that Plaintiffs filed this suit over a year ago, and this is one of dozens of lawsuits filed by Plaintiffs involving this same intellectual property; and

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(5)  The two separate and distinct parties, Fifty Six Hope Road's and MDP's failure to

timely respond to the separate discovery requests they had been served with.

Following receipt of Defendant's letter demanding immediate production, Plaintiffs and

MDP indicated that the three parties would be serving their discovery responses on or before

December 1, 2006.  However, no responses were served on or before December 1, 2006, but

instead without leave of Court, Plaintiffs Hope Road and Zion first served their objections and

responses to Defendant's September 19, 2006 requests on December 22, 2006.  Counterclaim

Defendant MDP has yet to serve any responses, and is apparently no longer participating in this

litigation.  *See,* D.E. 74, in which MDP has dropped its claims in this lawsuit.  Plaintiffs and

MDP have not obtained consent from Defendant for an extension of time for their self-prescribed

December 1, 2006 deadline or from the deadline set by Federal Rules 33 and 34.  Plaintiffs have

likewise failed to timely seek this relief from the Court.  In an effort to resolve this matter

without Court intervention, Defendant's counsel has engaged Plaintiffs' and MDP's counsel in

an exhausted exchange of emails, letters and phone calls, but to date there remains essential

information and documents that Plaintiffs and MDP, without any justification, refuse to disclose.

Defendant has been, and will continue to be, prejudiced by Plaintiffs' and MDP's failure

to timely meet their discovery obligations.  Because of the rapidly approaching Court-ordered

deadlines, and certain deadlines which have already expired, including the deadline to amend the

pleadings and add additional parties on January 28, 2007 as well as the close of fact discovery on

March 30, 2007, Defendant is entitled to an Order of preclusion and an Order compelling

immediate production under the enforceable powers of this Court and Rule 37.

It should not go unnoticed that during the time when Plaintiffs and MDP were allegedly

unable to meet their discovery obligations, from September 17, 2006 through December 22,

2006, Plaintiffs conveniently had no difficulty actively participating in other aspects of this

litigation by making numerous filings and appearances to forward their own case.  For example,

4

on October 10, 2006, Plaintiffs filed, without leave of Court, an Amended Complaint.  [D.E. 64 – stricken from the Record].  On October 27, 2006, Plaintiffs filed a motion for sanctions (against a different Defendant), and appeared at a hearing on their motion for sanctions on November 28, 2006.  [D.E. 63 and 71].

For the foregoing reasons, Defendant respectfully requests that the Court compel Plaintiffs and MDP to immediately respond to all of Defendant's discovery requests and produce responsive documents and information without objection.

### B.    Counterclaim Defendant MDP Should Be Compelled to Respond

On September 19, 2006 Defendant served a First Request for Production of Documents and First Set of Interrogatories on Counterclaim Defendant MDP.  Without requesting leave of Court or obtaining consent from Defendant, Counterclaim Defendant MDP, to date, has not served any responses or objections.  Pursuant to Fed. R. Civ. P. 33(b)(4) and 34(b), MDP has waived all objections. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Escalante v. City of Delano*, 2006 U.S. Dist. LEXIS 33656 (E.D. Cal. 2006).

Counterclaim Defendant MDP is apparently no longer participating in this litigation, as Plaintiffs have moved to amend their complaint and drop all claims asserted by MDP.  *See,* D.E. 74, in which MDP has dropped its claims in this lawsuit.  Nonetheless, MDP is still named as a Counterclaim Defendant in this action and has failed to comply with its discovery obligations. Defendant therefore requests that the Court Order MDP to immediately and fully respond to Defendant's discovery requests, without objection.  Defendant further requests that the Court enter an Order precluding MDP's use of all withheld documents at trial.

**C.**   **Plaintiffs Hope Road and Zion's Discovery Responses are Deficient**

As the Court is aware, this lawsuit was initiated when Plaintiffs on an *ex parte* basis

moved the Court for an Order of Seizure and a temporary restraining order.  In doing so,

Plaintiffs have alleged to be the exclusive owners of far-reaching intellectual property rights

related to all aspects of the trademarks and names, images, likeness, signatures and other indicia

related to BOB MARLEY and MILES DAVIS.

Defendant has properly and timely served discovery requests seeking evidence that may

be relied on by Plaintiffs to support the alleged ownership and use of such rights and materials

that support Plaintiffs' claims for damages, and Defendant's affirmative defenses and

counterclaims.  As a result of Plaintiffs' reliance on untimely served and improper objections,

Defendant has been denied access to the very cornerstone documents Defendant is entitled to

defend a lawsuit of this nature.  In response, Plaintiffs have untimely produced what appears to

be an indiscriminate and very limited selection of only some of the materials they believe are

relevant.  In refusing full disclosure of responsive materials, Plaintiffs have stated that the burden

and expense of producing the requested materials "outweighs the likely benefit given the limited

scope of the issues in this matter, namely a single t-shirt design sold by the Defendants.

Plaintiffs have offered no explanation as to why production of documents in their possession

custody and control would create any burden at all, and certainly have failed to demonstrate that

these documents are not relevant or likely to lead to relevant information – the proper standard

under Rules 26, 33 and 34.  Moreover, after deciding to initiate the litigation, Plaintiffs cannot

now claim they no longer want to bear the burden inherent in a federal lawsuit of this nature.

Plaintiffs cannot have it both ways.  Plaintiffs cannot claim all-inclusive rights to BOB

MARLEY and MILES DAVIS, seek a broad-based injunction, and then withhold documents and

information during discovery that is directly related to these rights simply because they now

believe it is advantageous to limit this case to "one t-shirt design."[3]  Plaintiffs have asserted very serious allegations against Defendant, and seek to greatly restrict and impair Defendant's business and its employees' livelihood.  Defendant is entitled to the relevant information needed to defend these claims.

In addition to failing to produce responsive information and materials, Plaintiffs have also failed to meet their discovery obligations by asserting a lengthy list of untimely served objections to almost all of Defendant's discovery requests.  Although Plaintiffs, in some instances, have supplemented their responses it remains unclear whether Plaintiffs are relying on their objections to withhold additional responsive information, or whether no documents (or additional documents) exist.  Defendant has asked Plaintiffs to clarify this question for the following requests – for which there has been no response:  20, 27, 32, 34, 36, 39-42, 48, 53, 64, 82, 98, 111, 112-117, 120 and 130.

Defendant seeks an Order compelling a response as to whether Plaintiffs continue to rely on objections to the above-identified list of Document Requests, or whether all documents responsive to the above-identified requests have been produced.  Without such an Order, Plaintiffs will be reserving their right to "sand-bag" Defendant with responsive documents withheld during discovery and suddenly produced at trial.  Moreover, because Plaintiffs have failed to indicate whether there are indeed additional responsive documents, Defendant cannot determine whether it is entitled to the withheld documents.

---

[3] Defendant has offered to limit its discovery requests in accordance with Plaintiffs' characterization of this lawsuit, provided Plaintiffs were willing to stipulate that this case is in fact limited to Defendant's use of the asserted rights solely in connection with a single t-shirt design, and that Plaintiffs will not seek to rely on any rights acquired through use of the intellectual property in connection with other goods or services.  Plaintiffs have not responded to this proposal.

1

### 1. **Plaintiffs' Interrogatory Responses Remain Deficient**

2

Defendant served <u>Interrogatory No. 10</u> on both Plaintiff Hope Road and Zion requesting

3

disclosure of their respective dates of first use of the asserted trademark.  In response, Plaintiffs

4

directed Defendant to Plaintiff Hope Road's trademark application in which Hope Road alleges

5

that the mark has been used in commerce in connection with certain goods since "at least as early

6

as 1990."  This response is deficient for two reasons.  First, Defendant is entitled to disclosure of

7

Hope Road's <u>actual</u> first use date – and should not have to guess as to whether Plaintiffs will

8

seek to rely on a priority date before 1990.  Second, Defendant is entitled to a response from both

9

Plaintiff Hope Road and Zion as to each Plaintiffs' respective first use date.

10

11

Defendant's <u>Interrogatory No. 11</u> requested information as to the number of sales of

12

goods and services sold by Plaintiffs (or Plaintiffs' licensees) since the date of first use.

13

Plaintiffs relying on their untimely served objections have refused to respond to this request

14

except to produce information pertaining solely to t-shirts and solely for the past three years.

15

This response is deficient for at least two reasons.  First, Plaintiffs have not limited their rights to

16

the asserted intellectual property solely to t-shirts.  Because Plaintiffs' are relying on the rights

17

they have acquired through use of the mark in connection with goods other than t-shirts, and are

18

seeking to enjoin Defendant's use of the mark on goods other than t-shirts, Plaintiffs, therefore,

19

cannot limit their response to just t-shirts.

20

21

Second, because Plaintiffs have alleged that they have used the mark in commerce since

22

at least as early as 1990, Defendant is entitled to information, including the amount of sales, that

23

Plaintiffs made during these years.  If, for example, Plaintiffs made no sales of goods in

24

connection with the mark during the years 1992-1995, this would clearly be relevant to

25

Defendant's abandonment affirmative defense.  The parties have entered into a stipulated

26

protective order protecting the proprietary nature of this information, and there is no justification

27

for Plaintiffs' failure to produce this responsive and relevant information.

28

1
2          **2.          Plaintiffs' Document Production is Deficient**

3
4              a.          Plaintiffs' Have Produced no Correspondence Related to The Alleged
                           Trademark or Other Asserted Intellectual Property Rights

5
6          Despite the fact that Plaintiffs claim to have been using the mark and other intellectual

7  property rights at issue in this lawsuit for over 15 years, and have licensed such rights between

8  themselves and to dozens of other parties, Plaintiffs have failed to produce a single piece of

9  correspondence between or among the parties related to this lawsuit.[4]  Not one email, letter or

10 facsimile among and between employees and representatives of Plaintiff Hope Road has been

11 produced.  Not a single correspondence between and among the employees of Plaintiff Zion has

12 been produced.  Not a single correspondence between Plaintiffs Hope Road and Zion has been

13 produced.  Not a single correspondence between Hope Road or Zion and one of their licensees

14 has been produced.  It is simply not credible that these two parties have been asserting,

15 marketing, using and enforcing the alleged intellectual property rights for the past 15+ years, yet

16 have not generated a single correspondence related to these rights.  This information is

17 responsive to, at least Defendant's Request Nos. 82, 104, 105 and 128, to which Plaintiffs simply

18 objected stating the request was overly broad, unduly burdensome and irrelevant.

19         In addition to requesting all such correspondence from Plaintiffs, Defendant reminded

20 Plaintiffs of their obligations as codified in the new "e-discovery" amendments to the Federal

21 Rules.  Defendant has inquired as to the methods used to search and gather electronic documents,

22 including what email accounts have been searched, what search terms were employed etc.

23 Plaintiffs refused to respond to these inquiries.

24
25
26
27 _____

28 [4] The one exception is that Plaintiffs have produced some (Plaintiffs have not clarified if all have been produced)
   cease and desist letters generated by, or received by, Plaintiffs' counsel.  None of these letters, however, appear to
   have been generated or received by the parties themselves.  It seems likely that the parties have not even searched
   their correspondence files, emails etc, for responsive documents.

b.      Specific Document Deficiencies[5]

i.      Request No. 13 – Defendant has requested documents which evidence any web site on the internet where goods or services in connection with the alleged trademark are being made available.  Plaintiffs responded by listing a sample of such websites, but claiming that there are numerous other sites that advertise and promote licensed products, but that these are not in the possession, custody or control of the Responding Party.  Defendant is entitled to all documents related to these websites that are in Plaintiffs' possession, custody and control.  If these are licensees of Plaintiffs, it seems likely that Plaintiffs would have some relevant documents related to the use of their intellectual property by these licensees.  Plaintiffs cannot avoid their obligation of producing all documents in their possession simply by identifying other documents not in their possession.

ii.      Request Nos. 27 and 32 – Defendant has requested all documents related to how Plaintiffs have marketed and advertised their trademark.  Plaintiffs responded with a list of objections, and supplemented their response by stating that all documents related to advertisement of the mark for t-shirts has been produced.  As discussed above, this case is not solely about use of the mark on t-shirts.  If Plaintiffs are unwilling to limit their rights in the mark to simply t-shirts, Defendant should not have to limit its requests for supporting evidence only to t-shirts.  Plaintiffs are seeking to enjoin Defendant's use of the mark on goods other than t-shirts.  Defendant is therefore entitled to information and any evidence that demonstrates

---

[5] The document requests served on Hope Road and Zion were nearly identical.  All of the Document request numbers identified in this motion pertain to the requests served on Hope Road.  These numbers also pertain to the requests served on Zion, with the following exception:  Request Nos. 111-117, 120, 122 and 128 noted above refer not only to those numbers in Defendant's Request to Hope Road, but also to Request Nos. 113-119, 122, 124 and 130, respectively, in Defendant's Request to Zion.

Plaintiffs use of the alleged trademark in connection with any goods for which Plaintiffs are asserting they have rights.

        iii.     <u>Request Nos. 39 and 40</u> – Defendant has requested all licenses, assignments and agreements related to the asserted trademark.  Plaintiff has responded by producing some, but not all such agreements.  Plaintiffs should be precluded from relying on any agreement not already produced.  Plaintiffs should also be compelled to produce all licenses and assignments related to the alleged mark.  Plaintiffs should not be allowed to choose which agreements pertaining to the intellectual property at issue in this lawsuit should and should not be produced.  This information is relevant to, at minimum, ownership of the alleged intellectual property, Plaintiffs' standing to assert the alleged claims, as well as evidence as to how the disputed intellectual property is being used by Plaintiffs and their licensees.

        iv.     <u>Request No. 41</u> – Defendant has requested production of all settlement agreements and co-existence agreements related to the asserted trademark.  Plaintiffs, apparently relying on untimely served boilerplate objections, and their efforts to limit this case solely to t-shirts, have produced no responsive documents.  These documents are relevant, or likely to lead to relevant information, insofar as they will show other uses of the mark and may show certain agreed-upon limitations of Plaintiffs' rights and exclusivity in the asserted intellectual property.

        v.     <u>Request No. 64</u> – Defendant has requested documents related to Plaintiffs' incorporation and legal organization.  Plaintiffs have produced only eight pages of documents, six of which are the public corporate filings for only one year with the Secretary of State of Florida for Plaintiff Zion, and a non-party called Hope Road Merchandising, LLC, and two additional pages appear to be a single two-page filing made by Plaintiff Hope Road in the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Commonwealth of the Bahamas.  No corporate books or other incorporation documents have been produced.  These documents will likely show, not only the corporate structure and relationship, if any, between the parties, but also reveal the names of individuals likely to have discoverable information.

vi.  Request No. 48 – seeks documents that evidence Plaintiffs' attendance at each trade show where the alleged trademark has been displayed, advertised or promoted by Plaintiffs. Plaintiffs have objected to and refused to produce all documents responsive to this request. How, when and where Plaintiffs advertise and promote the alleged trademark is certainly relevant to Plaintiffs' asserted rights in the trademarks, Plaintiffs' channels of trade and their claim of a likelihood of confusion between Defendant's sale of their artwork and Plaintiffs' sales of their goods.

vii.  Request No. 111 – seeks all documents related to the creation and/or design of any t-shirts sold by Plaintiffs bearing the alleged trademark.  Plaintiffs objected to this request and supplemented their response by directing Defendant to Plaintiffs' Statement of Use filed with the United States Patent and Trademark Office.  If Plaintiffs have files related to their creation and design of products which they allege are confusingly similar to the products sold by Defendant, then Defendant should be allowed to inspect same.  Plaintiffs cannot limit their production solely to the materials filed with the United States Patent and Trademark Office, if in fact they have additional responsive documents in their custody, possession or control.

viii.  Request Nos. 112-117 - seeks documents related to how Plaintiffs' market, package, and advertise the goods they sell in connection with the alleged trademark.  These documents are

highly relevant.  There is no justification for Plaintiffs' failure to produce for inspection all relevant documents in their possession custody or control.

        ix.      <u>Request No. 120</u> – seeks all documents pertaining to revenues and profits for the sale of goods bearing the alleged trademarks.  This request goes not only to Plaintiffs' asserted rights in the alleged trademark and the relevant likelihood of confusion analysis, but also Plaintiffs' claim for damages.

        x.  <u>Request No. 122</u> – seeks documents related to Plaintiffs' customers.  Plaintiffs have produced no responsive documents.  Information pertaining to Plaintiffs' customers is relevant to many of the likelihood of confusion factors, including, Plaintiffs' use of the mark, and channels of trade.  The stipulated protective order executed by the Parties protects any proprietary information related to this request.

### D.    <u>Conclusion</u>

For the reasons stated above, Defendant respectfully moves the Court for an Order compelling immediate and complete responses, without objection, from Plaintiffs and MDP to all requests served by Defendant.  Defendant further requests an Order of Preclusion for those documents withheld by Plaintiffs and MDP.

Pursuant to D. Nev. L.R. 26-7(B), the undersigned counsel hereby certifies that despite a good faith effort to resolve the above dispute with counsel for Plaintiffs, through phone conferences, as well as an exchange of emails and numerous letters, counsel were unable to resolve this dispute.

13

1    DATED:  February 27, 2007.

2
                                    Respectfully Submitted,
3
                            By:  _/s/ /Jeffrey A. Lindenbaum/_____
4                                Jeffrey A. Lindenbaum
                                 COLLEN IP
5                                The Holyoke-Manhattan Building
                                 80 South Highland Avenue
6                                Town of Ossining
                                 Westchester County, New York  10562
7                                Telephone:  (914) 941-5668
                                 Fax:  (914) 941-6091
8

9
                                 L. Joe Coppedge
10                               Nevada Bar No. 4954
                                 ROBERT E. McPEAK
11                               Nevada Bar No. 8570
                                 KUMMER KAEMPFER BONNER RENSHAW &
12                               FERRARIO
                                 Seventh Floor
13                               3800 Howard Hughes Parkway
                                 Las Vegas, Nevada  89109
14                               Telephone:     (702) 792-7000
                                 Fax:     (702) 796-7181
15                               *Attorneys for Defendant*
                                 *The Tunes Company*
16

17

18

19

20

21

22

23

24

25

26

27

28

                                      14

1

## CERTIFICATE OF SERVICE

2

Pursuant to Fed. R. Civ. P. 5(b),  I certify that I on this 27th day of February 2007, I caused the documents entitled Defendant's Motion to Compel to be served as follows:

3

4

[   ]   by placing same to be deposited for mailing in the United States Mail, in a sealed Envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

5

6

[   ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile; and/or

7

[   ]   to be hand-delivered

8

[ X ]   by the U.S. District Court's e-filing System:

9

10

to the attorneys listed below at the address below:

11

Michael J. McCue
Lewis and Roca, LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV  89109-0961
Fax:  707-949-8363

12

13

14

15

Timothy J. Ervin
Gallant & Ervin, LLC
One Olde North Road, Ste. 103
Chelmsford, MA 01824
Fax: 978-256-7977

16

17

18

19

Dated this 27th day of February, 2007.

20

/s/ /Jeffrey A. Lindenbaum/
Jeffrey A. Lindenbaum

21

22

23

24

25

26

27

28

15